UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

**CIVIL ACTION (MASTER FILE) NO. 5:06-CV-316 - KSF**

IN RE: AIR CRASH AT LEXINGTON, KENTUCKY, AUGUST 27, 2006

RELATES TO THE FOLLOWING CASES:

| | |
|---|---|
| *Fahey v. Comair* | 5:07-CV-126-KSF |
| *Harris v. Comair* | 5:06-CV-292-KSF |
| *Hooker, et al. v. Comair* | 5:07-CV-321-KSF |
| *Hunt v. Comair* | 5:06-CV-400-KSF |
| *Mallory, et al. v. Comair* | 5:07-CV-124-KSF |
| *McKee, et al. v. Comair* | 5:07-CV-322-KSF |
| *Moscoe v. Comair* | 5:06-CV-318-KSF |
| *Parsley, et al. v. Comair* | 5:07-CV-323-KSF |
| *Turner, et al. v. Comair* | 5:07-CV-326-KSF |
| *Washington v. Comair* | 5:06-CV-385-KSF |
| *Winters v. Comair* | 5:07-CV-127-KSF |

**OPINION AND ORDER**

**I.  INTRODUCTION**

This action stems from the crash of Comair Flight No. 5191 on August 27, 2006, as Flight No. 5191 was attempting to take off from Bluegrass Airport in Lexington, Kentucky, at approximately 6:10 a.m., en route to Atlanta, Georgia.  The air crash resulted in the deaths of all passengers and crew members aboard that flight, with the exception of the plane's First Officer, James Polehinke.

The above-named Plaintiffs ("Certain Plaintiffs") bring this tort/breach of contract action against defendants Delta Air Lines, Inc., Comair, Inc., Comair Aircraft, Inc., and Comair Services, Inc., asserting that the crash of Flight No. 5191 resulted from the negligence of the defendants and that the defendants breached implied warranties associated with the purchase of an airline ticket. Plaintiffs seek compensatory damages and punitive damages.

This matter is presently before the Court on the motion of defendants Comair, Inc., Comair Services, Inc., and Comair Holdings, LLC (collectively "Comair") for Partial Summary Judgment on

Certain Plaintiffs' claims for Breach of Warranties. [DE #2135]. This motion is ripe for consideration.

## II. COMAIR'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Comair asserts that it is entitled to summary judgment on Certain Plaintiffs' claims that Comair is liable to them under a breach of warranty theory because there are no such warranties in contracts for air transportation services. As grounds for this argument, Comair relies chiefly on the following primary authorities: *Williams v. Fulmer,* 695 S.W.2d 411 (Ky. 1985); *Real Estate Marketing, Inc. v. Franz,* 885 S.W.2d 921 (Ky. 1994); *United Servs. Auto. Ass'n v. ADT Sec. Servs.,* 241 S.W.2d 335 (Ky. App. 2006); and *T-Birds, Inc. v. Thoroughbred Helicopter Serv. Inc.,* 540 F.Supp. 548 (E.D. Ky. 1982). Comair also relies on secondary authority, *Phillip v. U. S. Air,* 1993 WL 742805 (Pa. C.P. 1993), as additional support for its motion for partial summary judgment on plaintiffs' breach of implied warranty claim.

In response, Plaintiffs note that while the issue of whether an injured airline passenger may bring a breach of warranty claim against an airline may be a case of first impression in Kentucky, Kentucky courts have addressed this same issue with respect to other common carriers. Plaintiffs also argue that under Kentucky law, an injured passenger may bring an action against a common carrier under either a contract theory or a tort theory, as seen in *Southeastern Greyhound Lines v. Conklin*, 196 S.W.2d 961, 963 (Ky. 1946); *Illinois Central Railway Co. v. Winslow*, 84 S.W. 1175, 1176 (Ky. 1905); and *Howard v. Middlesborough Hosp. et al.,* 47 S.W.2d 77,79 (Ky. 1932). Therefore, plaintiffs contend that since an airline is also a common carrier, they should be able to assert either a tort claim or a breach of warranty claim against Comair.

## III. ANALYSIS

### A. Summary Judgment Standard

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." See *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In reviewing a motion for summary judgment, "this Court must determine whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' "*Patton v. Bearden*, 8 F.3d 343, 346 (6th Cir.1993) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The evidence, all facts, and any inferences that may permissibly be drawn from the facts must be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Once the moving party shows that there is an absence of evidence to support the nonmoving party's case, the nonmoving party must present "significant probative evidence" to demonstrate that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Phillip Morris Companies, Inc.*, 8 F.3d 335, 340 (6th Cir.1993). Conclusory allegations are not enough to allow a nonmoving party to withstand a motion for summary judgment. *Id*. at 343. "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 252. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id*. at 249-50 (citations omitted).

**B.     Warranties concerning a contract for the performance of services**

**1.     Under the Uniform Commercial Code ("UCC")**

It is well settled that the UCC warranty provisions do not apply to contracts regarding the rendering of services, as opposed to the sales of tangible goods. A case on point is *T-Birds, Inc. v. Thoroughbred Helicopter Serv. Inc.*, *supra*, where plaintiff asserted a breach of implied warranty claim against a company that overhauled the engine of a helicopter that subsequently crashed. The defendant moved to dismiss, arguing that a contract for repairs made to the helicopter involved

3

no warranties, express or implied. The district court in the Eastern District of Kentucky agreed and granted the defendant's motion to dismiss under the following rationale:

> In the instant case, the predominant aspect of the contract was the rendition of services, i.e., a major engine overhaul of T-Birds' helicopter. Therefore, the UCC warranty provisions do not apply to this particular transaction. See 5 A.L.R. 4th 501 (1981).

540 F.Supp. at 551.

Additionally, consistent with the foregoing holding, the Kentucky Court of Appeals recently had occasion to address the same issue in a security services contract and reached the same conclusion as the holding in *T-Birds, Inc.* In *United Servs. Auto. Ass'n v. ADT Sec. Servs.,* 241 S.W.2d 335 (Ky. App. 2006), the Kentucky Court of Appeals affirmed the dismissal of a breach of warranty and strict liability claim asserted in a security services contract. In *United Serv. Auto. Ass'n v. ADT Sec. Serv., Inc., supra,* the plaintiffs contracted with ADT for residential security and monitoring services. After ADT failed to detect a fire that largely destroyed their home, the plaintiffs sued ADT for breach of implied warranty. The Kentucky Court of Appeals affirmed the dismissal of the breach of warranty claim, stating at follows:

> [T]he Uniform Commercial Code is inapplicable as it applies only to contracts for the sale of goods and does not apply to a contract for services. See KRS 355.2-201 and KRS 355.2-105. The Code affords no basis for an action for breach of warranty.

241 S.W.3d at 341.

Thus, it is clear that the UCC provides no avenue for a breach of warranty claim insofar as it concerns a contract for the rendering of services.

### 2. Under Kentucky law

Prior to the adoption of the UCC, Kentucky permitted a passenger to bring an action against a common carrier under either a contract theory or a tort theory. See *Southeastern Greyhound Lines v. Conklin*, 303 Ky. 87, 196 S.W.2d 961, 963 (1946); *Illinois Central Railway Co. v. Winslow*, 27 Ky.L.Rptr. 329, 84 S.W. 1175, 1176 (Ky. 1905); and *Howard v. Middlesborough Hosp. et al.,*

4

242 Ky. 602, 47 S.W.2d 77,79 (Ky. 1932).  However, the foregoing cases all pre-date Kentucky's adoption of the UCC in 1960.  Subsequent to Kentucky's adoption of the UCC, whether a passenger is permitted to bring a claim against a common carrier under a contract theory depends on the terms of the contract itself and the statutory provisions of the UCC, as seen in *Williams v. Fulmer*, 695 S.W.3d 411 (Ky. 1985), a products liability action concerning a motorcycle helmet. In *Williams*, the Kentucky Court of Appeals affirmed the dismissal of plaintiff's breach of warranty claim against the defendant for the following reasons:

> A contract, commercial or otherwise, is limited by its terms, except to the extent that it must conform to statute.  The U.C.C. is the only statute involved here.
>
> * * *
>
> Since the advent of the U.C.C., commercial sales law is statutory.  We have no precedent for changing statutory law by court decision as we do for common law negligence rules.

695 S.W.3d at 413-14.

Subsequently, in *Real Estate Marketing, Inc. v. Franz,* 885 S.W.2d 921 (Ky. 1994), the Kentucky Supreme Court reiterated and further explained the holding in *Williams*, *supra*, and held that, based on Kentucky's version of the U.C.C., KRS 355.2-318, the plaintiff in *Real Estate Marketing* had no viable cause of action under a breach of warranty theory.  In concluding its comments on plaintiff's breach of warranty claim, the Kentucky Supreme Court stated:

> The Majority of this Court is not prepared, as a matter of judicial policy, to extend the theory of a warranty implied in law beyond the kind of warranty statutorily created in Kentucky's version of the U.C.C.  A step of this nature is a public policy to be decided by the legislature.  We find no public policy to extend warranty protection in the U.C.C.

885 S.W.2d at 926.

Consequently, based on the *Williams* and *Real Estate Marketing* decisions discussed above, this Court concludes that Kentucky has declined to create common law rights that expand on the parameters of implied warranty established in the U.C.C.  Therefore, based on the facts of

this particular case, plaintiffs have no viable breach of warranty claim under Kentucky law against the defendants.

## IV. CONCLUSION

For all of the foregoing reasons, the Court, being otherwise fully and sufficiently advised,

**IT IS ORDERED**:

1. The motion of defendants Comair, Inc., Comair Services, Inc., and Comair Holdings, LLC for Partial Summary Judgment on Certain Plaintiffs' claims for Breach of Warranties [DE #2135] is **GRANTED**.

2. Certain Plaintiffs' claims for Breach of Warranties against the Comair defendants (Comair, Inc., Comair Services, Inc., and Comair Holdings, LLC) are **DISMISSED**.

This July 2, 2008.



Signed By:

*Karl S. Forester* KSF

**United States Senior Judge**